DAVID T. PROSSER, J.
¶ 79. (concurring in part, dissenting in part). In these cases, two defendants claim that they effectively asserted their right to remain silent. The majority concludes that both defendants failed. Majority op., ¶ 4.1 agree with the majority that *32 Carlos Cummings failed to unequivocally invoke his Fifth Amendment[1] right to remain silent after receiving a Miranda[2] warning, majority op., ¶ 4, and I join the majority opinion with respect to its Cummings analysis. However, I do not agree with the majority's conclusion that Adrean Smith (Smith) did not unequivocally invoke his right to remain silent when he said, "I don't want to talk about this." Accordingly, with respect to Adrean Smith, I respectfully dissent.
¶ 80. Detective Travis Guy (Detective Guy) of the Milwaukee Police Department conducted an interrogation of Smith regarding armed robberies that involved a stolen van. The majority quotes the exchange in paragraph 31. After Smith initially waived his Miranda rights, he talked briefly about the stolen van and then said, "That's pretty much all I can say."
¶ 81. Detective Guy proceeded to talk about an armed robbery, and Smith responded by saying, "See, I don't want to talk about, I don't want to talk about this." He also said, "I don't even want to talk about — I don't know nothing about this, see. I'm talking about this van. . . . So, I don't want to talk about this."
¶ 82. Detective Guy responded, "I got a right to ask you about it." Detective Guy then continued to question Smith.
¶ 83. Detective Guy did not have "a right" to question Smith after Smith said he did not want to talk. The detective's statement to the contrary undercut the defendant's constitutional right to remain silent.[3] De *33 spite initially informing Smith that he had "the right to stop the questioning or remain silent at any time [he] wish[ed]," Detective Guy ignored a clear statement that Smith did not want to talk.
¶ 84. The majority concludes that Smith's statements were equivocal because, although he said "I don't want to talk about this" four times, according to the majority, it was unclear whether "this" was referring to the van, the robberies, or the interrogation in general. Majority op., ¶ 63. I disagree. True confusion can be remedied with follow-up questions. Even if not required, clarifying questions reduce the risk that further inquiry will violate the suspect's constitutional rights when an officer truly believes a suspect's statement was ambiguous.
¶ 85. The statements in this case are not appreciably different from the statements in State v. Goetsch, 186 Wis. 2d 1, 7, 519 N.W.2d 634 (Ct. App. 1994). In Goetsch, the defendant said, "I don't want to talk about this anymore. I've told you, I've told you everything I can tell you. You just ask me any questions and I just want to get out of here. Throw me in jail, I don't want to think about this." Id. Despite the fact that Goetsch continued to speak after he said he did not want to talk, the court of appeals determined that he had invoked his right to remain silent. Id. at 7-9.
¶ 86. Like Goetsch, Smith told his interrogator that he had given all the information he had. Smith's statement — "I don't want to talk about this" — is identical to one of Goetsch's statements. Id. at 7. Thus, there is no basis for the different result in the present case.
*34 ¶ 87. The Supreme Court said that a defendant may invoke the right to cut off questioning by saying "that he want[s] to remain silent or that he [does] not want to talk with the police." See Berghuis v. Thompkins, 560 U.S. 370, 382 (2010). When Smith said, "I don't want to talk about this," he unambiguously indicated that he did indeed not want to talk anymore.
¶ 88. For the foregoing reasons, I respectfully concur in part and dissent in part.
¶ 89. I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence/dissent.

 "No person shall be ... compelled in any criminal case to be a witness against himself. . .." U.S. Const, amend. V.

 Miranda v. Arizona, 384 U.S. 436 (1966).

 An officer's assertion of authority in response to a defendant's assertion of a constitutional right is troubling when the asserted authority contradicts the right. See State v. *33 Wantland, 2014 WI 58, ¶ 27, 355 Wis. 2d 135, 848 N.W.2d 810 (Prosser, J., dissenting). When Detective Guy asserted that he had a right to question Smith, he effectively precluded Smith from asserting his right to end questioning.